Formatted for Electronic Distribution                                                                    Not for Publication

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF VERMONT

In re:

    Mark Dingman,
               Debtor.

Filed & Entered
On Docket
March 19, 2008

Chapter 7 Case
# 07-10829

### AMENDED ORDER[1]
### DENYING DEBTOR'S MOTION TO RECONSIDER
### ENTRY OF FINAL DECREE WITHOUT DISCHARGE

On December 10, 2007, Mark Dingman (the "Debtor") filed a petition (doc. # 1) seeking relief under chapter 7 of the Bankruptcy Code. At no time during the pendency of the case did the Debtor file proof of completion of a Financial Management Course (Official Form 23). On February 1, 2008, the Court sent the Debtor and the Debtor's Attorney a Notice (doc. # 17) stating that the Debtor was not eligible for a discharge unless he completed an approved instructional course concerning personal financial management and filed Form 23 evidencing that fact, pursuant to 11 U.S.C. § 727(a)(11). The Notice advised that the Debtor would have to file Form 23 by February 19, 2008 or the "case will be closed without a discharge being issued pursuant to Rule 1007(c) of the Federal Rules of Bankruptcy Procedure and Section 727(a)(11) of the U.S. Bankruptcy Code." (Id.). The Notice also explained that if the chapter 7 case was closed without a discharge being issued, the Debtor "may file a motion to reopen the case to request that a discharge be granted," and would have to pay a new filing fee for the reopened case. (Id.)

On March 10, 2008, the Court issued the Final Decree with Notice of Case Closing Without a Discharge because the Debtor had failed to file Form 23 within the original period set in §727(a)(11) and had also failed to file Form 23 by the deadline set by the Court in the Notice (doc. # 24). The Final Decree stated that if the Debtor subsequently filed a motion to reopen the case for the purpose of filing Form 23 and requesting a discharge, that motion to reopen the case would have to include a request to extend the time for filing Form 23, *nunc pro tunc*, and the Debtor would be required to pay a case filing fee at the time the motion to reopen is filed. (Id.)

On March 11, 2008, the Debtor's Attorney filed both Form 23 (doc. # 25) and a motion asking the Court to reconsider its Order closing the case (doc. # 27). The Attorney explained that "the Debtor completed the course on March 5, 2008 at which point, he forwarded the certificate to Counsel. However, due to a clerical error, the certificate was not filed until today." (Id.)

---

[1] This Order has been amended to reflect the provisions of the Notice (doc. # 17) and Standing Order # 07-02 that the filing fee for the motion to reopen must accompany the filing of that motion, as well as minor grammatical changes.

The Court denies the Debtor's motion to reconsider. The relief requested by the Debtor – for the Court "to reconsider its Order dated March 10, 2008, and *issue a discharge for the Debtor herein*"(doc. # 27 – emphasis added) – is not available through a motion for reconsideration. To the extent the Debtor is seeking reconsideration of the entry of the Final Decree, the motion is denied because the Debtor has offered no basis to satisfy the criteria established by Bankruptcy Rule 9024.

The standard for granting a motion to reconsider is strict in order to dissuade repetitive arguments on issues that the Court has already fully considered "where the moving party seeks solely to relitigate an issue already decided," Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995), to "plug gaps in an original argument or to argue in the alternative once a decision has been made," In re Newberry, 2007 WL 2247588, *1 (Bankr. D.Vt. Aug. 2, 2007), or to give the moving party another bite at the apple by permitting argument on issues that could have been or should have been raised in the original motion. See Petition of Bird, 222 B.R. 229, 235 (Bankr. S.D.N.Y. 1998) (citing Federal Deposit Ins. Corp. v. Meyer, 781 F.2d 1260, 1268 (7th Cir.1986)). A court may reconsider an earlier decision when a party can point to an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. Marrero Pichardo v. Ashcroft, 374 F.3d 46, 55 (2d Cir. 2004) (citation and quotation omitted); Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (cautioning that "where litigants have once battled for the court's decision, they should neither be required, nor without good reason [be] permitted, to battle for it again"). A court should grant reconsideration when a "party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court," Shrader, 70 F.3d at 257, but ultimately the question is a discretionary one and the court is not limited in its ability to reconsider its own decisions prior to final judgment. See Virgin Atl., 956 F.2d at 1255. The Debtor has offered no intervening change of controlling law, no new evidence, or no argument concerning the need to correct a clear error or prevent manifest injustice that would warrant granting the motion for reconsideration.

If the impetus for the instant motion to reconsider is that the Debtor wishes to have a discharge entered in this case, the Debtor must first file a motion to reopen the case and pay the full filing fee at the time the motion is filed. The motion must also include a request to extend the time to file Form 23, *nunc pro tunc*. If the motion to reopen and the request to extend time are granted, the Court will consider a motion for discharge from the Debtor. See Standing Order 07-02 (entered January 12, 2007).

**SO ORDERED**.

_____
March 19, 2008                                            Colleen A. Brown
Rutland, Vermont                                          United States Bankruptcy Judge